```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
PAUL HARDEN,                          : 07 Civ. 4592 (LTS) (JCF)
                                      :
          Petitioner,                 :     MEMORANDUM
                                      :     AND ORDER
     - against -                      :
                                      :
DARWIN LaCLAIRE,                      :
                                      :
          Respondent.                 :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Paul Harden, the petitioner, has moved for a stay of this habeas corpus proceeding so that he may exhaust state remedies in connection with certain of his claims by seeking a writ of error coram nobis in the New York State courts. By Order dated June 20, 2007, I directed Mr. Harden to "submit papers setting forth in detail the claims that he intends to assert[.]" The petitioner then forwarded to the Court (though, apparently, not to counsel for the respondent) a copy of a motion for a writ of error coram nobis dated September 12, 2006. A review of this submission reveals no basis for delaying determination of Mr. Harden's habeas corpus petition.

Discussion

In 1982, the United States Supreme Court held that federal district courts may not rule on so-called "mixed petitions," which involve both exhausted and unexhausted claims; courts should instead dismiss such cases without prejudice, thereby giving

1

petitioners the opportunity to return to state court and giving state courts the opportunity to rule on the federal claims. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). At that time, there was no statute of limitations for federal habeas petitions. Since then, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposed a one-year limitation on such filings. 28 U.S.C. § 2244(d)(1). Given this restriction, dismissal of a habeas petition, regardless of whether it is with or without prejudice, can now cost a petitioner the opportunity to have a federal court hear any of his claims. To avoid this result, some courts have chosen to stay habeas petitions containing unexhausted claims and hold them in abeyance while the petitioner exhausts claims not previously presented to the state courts.

The Supreme Court has provided guidance with respect to these stay and abeyance decisions. In keeping with the purposes of the AEDPA, "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). A stay should only be granted "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Mr. Harden does not meet this standard. In October 2005, he filed a motion for a writ of error coram nobis in the Appellate Division, First Department, contending that he had been denied

effective assistance of appellate counsel. (Letter of Lisa Fleischmann dated July 25, 2007 ("Fleischmann Letter"), Exh. A). That motion was denied on February 21, 2006 (Fleischmann Letter, Exh. C), and on June 26, 2006, the New York Court of Appeals denied leave to appeal. (Fleischmann Letter, Exh. D). Mr. Harden's current coram nobis motion appears to raise substantially the same claims as those that have already been rejected by the state courts. To the extent that he raises any new issues, he has been dilatory in pursuing them in the state courts, since they could have been asserted in the first coram nobis application. Accordingly, the petitioner's motion for a stay is denied. The respondent shall answer the petition by September 10, 2007, raising all available defenses, and petitioner shall reply by October 15, 2007.

SO ORDERED.

*James C. Francis IV* (signature)

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       July 30, 2007

Copies mailed this date:

Paul Harden
01-A-2708
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

3

Lisa Fleischmann, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271