UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PAUL HARDEN,

        Petitioner,

  -v-                                                                  No. 07 Civ. 4592 (LTS)(JCF)

DARWIN LACLAIRE,

        Respondent.
-------------------------------------------------------x

## MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION

On March 26, 2008, Magistrate Judge James Francis issued a Report and Recommendation ("Report") recommending that Petitioner Paul Harden's ("Petitioner") habeas corpus petition be denied. Petitioner timely objected to the Report in a submission, which the Court has reviewed thoroughly. For the reasons that follow, the Court adopts the Report in its entirety.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ.

7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

Familiarity with the trial court proceedings and the content of the Report itself is presumed. The Court has reviewed de novo. Petitioner's argument that Judge Francis erroneously failed to equitably toll the time for Petitioner to appeal the Appellate Division's denial of his second coram nobis petition to the New York Court of Appeals, based on Petitioner's factual contention that he was not served with notice of the Appellate Division's denial order. See N.Y. C.P.L.R. § 5513(a). Petitioner further requests that the Court order the New York Court of Appeals to issue a "certificate of appealability" to permit Petitioner to appeal the denial of his second coram nobis petition. Lastly, Petitioner argues that the Report's recommended denial of his motion to stay runs afoul of Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

Petitioner's objections appear to misapprehend the reasoning of the Report. Petitioner had requested that the Court stay the resolution of his habeas corpus petition in order to allow him to appeal the Appellate Division's denial of his second coram nobis petition, and stated that, if necessary, he would amend his habeas corpus petition to include the issues raised in his second coram nobis petition after they had been appropriately exhausted in state court. The Report reasoned, however, that a stay was not necessary, primarily because the Court was already considering the procedurally exhausted issues raised in the first coram nobis petition, and all the claims raised in the second coram nobis petition were already raised in the first one. (Report at 16.) Therefore, whether or not the Court of Appeals permits Petitioner to appeal the Appellate Division's denial of his second coram nobis petition, the issues reviewed by this Court remain the same. For these reasons, and because the Court has no authority to order the New York Court of

Appeals to permit Petitioner to appeal, Plaintiff's request for the Court to so order the Court of Appeals is denied, and to the extent Plaintiff's argument is an objection to the Report's recommended denial of his motion to stay, that objection is rejected as it does not challenge the Report's reasoning for denying Petitioner's motion to stay -- that the issues raised in the second coram nobis petition were also raised in the first coram nobis petition.

Petitioner's citation to Rose v. Lundy, 455 U.S. 509, 518-19 (1982), is inapposite. In that case, the Supreme Court held that habeas petitions containing both exhausted and unexhausted claims ("mixed petitions") should be dismissed with prejudice in order to permit full exhaustion; following AEDPA's establishment of the one-year statute of limitations, the Supreme Court held that district courts have discretion to stay habeas petitions containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Here, however, the Report recommended denial of Petitioner's motion to amend his habeas petition to include the issues raised in the second coram nobis petition; because the habeas petition does not incorporate that unexhausted claims of the second coram nobis petition to begin with, it is not mixed, and so Rose and Rhines are inapposite.

Having otherwise reviewed the reasoning of the Report and its recommendations, as well as the generalized and non-responsive objections raised by Petitioner to the Report's analyses, the Court finds no clear error in the Report's reasoning and recommendations.

Petitioner request that, "Should this Court not hold that the time is still tolling on the second Coram Nobis Petition, Petitioner [be permitted to] then confront, in future, the balance of the R&R by Justice Francis." (Br. at 3.) As already explained, whether Petitioner may be permitted to appeal the denial of his second coram nobis petition is not relevant to the Report's denial of Petitioner's motion to stay. To the extent that Petitioner requests another opportunity to

raise objections to the Report, that request is denied, as Petitioner gives no reason why such a request should be granted, nor does the Court find any such reason, given that Petitioner has already challenged most of the remainder of the Report in his instant submission and in light of the generalized and unmeritorious nature of Petitioner's objections regarding the merits of his habeas petition in that submission.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in its entirety. Petitioner's motion to stay and motion to amend are denied. Petitioner's petition for a writ of habeas corpus is also denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

The Clerk of Court is respectfully requested to enter judgment denying the petition and close this case.

SO ORDERED.

Dated: New York, New York
October 27, 2008

LAURA TAYLOR SWAIN
United States District Judge